UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDITH SANTANO | CIVIL ACTION NO. 2:24-CV-2748 |
| VERSUS | JUDGE GREG G. GUIDRY |
| TULANE UNIVERSITY ET AL. | MAGISTRATE DONNA PHILLIPS CURRAULT |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

The Administrators of the Tulane Educational Fund ("Tulane" or "Defendant"), and individually named Defendants, Erica Woodley, Tiffany Smith, Avery Pardee and Jonathan Small (collectively, "Individual Defendants") (together with Tulane, "Defendants"), respectfully submit this Reply Memorandum in response to the Opposition filed by Plaintiff, Judith Santano (R. Doc. 44) and in further support of their original Motion to Dismiss (R. Doc. 28) seeking dismissal of all claims against Defendants asserted in the Amended Complaint *with prejudice*.

Plaintiff's Opposition is as disjointed and contradictory as her 69-page Amended Complaint. Instead of submitting legal support for her contrived claims, Plaintiff devotes almost all of her attention to unsuccessfully distinguishing the case law cited by Defendants. Plaintiff also improperly enhances her Amended Complaint with allegations that appear nowhere in the four corners of the pleading and by attaching no less than 108 pages of documents to rectify her deficient claims. However, Plaintiff's kitchen sink approach results in a completely nonsensical and self-defeating patchwork of arguments. Importantly, Plaintiff does not object to Defendants' reference or attachment of the November 30, 2023 letter which negates the backbone of her allegations that she was "terminated" either from her supposed "employment" or her academic advising relationship. All claims against Defendants should be dismissed *with prejudice*.

## I. Defendants' Motion to Dismiss Should Be Granted Because Plaintiff Admits Amendment is Necessary.

Plaintiff's Opposition is rifled with admissions that her pleadings fall short of alleging proper claims under Title VII, Title IX, and state law against Defendants. In no less than **_nine occasions_**, Plaintiff references seeking leave to amend to bolster her Amended Complaint:

> R. Doc. 44, pg. 5 ("Plaintiff can, if needed, amend to specify other junctures involving potential DOES.").

> R. Doc. 44, pg. 9, fn. 4 ("if the Court requires additional specificity demonstrating that Plaintiff was an employee as well as a student, she requests leave to amend her Complaint.")

> R. Doc. 44, pg. 10, fn. 6 ("should the Court determine that Plaintiff should clarify that the claim includes retaliatory harassment/hostile work environment, Plaintiff seeks leave to amend.")

> R. Doc. 44, pg. 14 ("it goes without saying that sexual violence (and therefore retaliation for reporting such violence) has a significantly disparate impact on female victims, though Plaintiff requests leave to amend the Complaint if the court determines that such an allegation is necessary").

> R. Doc. 44, pg. 15 ("Should the Court deem it necessary, Plaintiff seeks leave to amend to include allegations that she was retaliated against for reporting violations of other laws, namely laws prohibiting sexual assault.")

> R. Doc. 44, pg. 15, fn. 7 ("Plaintiff may also need to amend the Whistleblower claim.")

> R. Doc. 44, pg. 17, fn. 8 ("Should the Court determine that the allegations fall short, Plaintiff would request leave to amend to, in particularly, identify the unique and extraordinary learning opportunity that participation in FCAT constituted and critical significance of being able to study under a specialist like Karubian").

> R. Doc. 44, pg. 25, fn. 13 ("To the extent the Court determines that such allegations [that Tulane did not intervene to temporarily undo her termination from FCAT, ensure that the allegations against Plaintiff were subjected to the university's disciplinary procedures, or discipline Karubian] are not included in the Amended Complaint, Plaintiff would request leave to amend.")

> R. Doc. 44, pg. 40 ("Plaintiff respectfully requests the Court's leave to amend the Complaint to cure any pleading deficiencies").

Based upon these admissions alone, Defendants' Motion to Dismiss should be granted. However, for the reasons outlined below, Defendants submit that any amendment is in fact futile and all of Plaintiffs' claims should be dismissed *with prejudice*. Specifically, Plaintiff's own allegations

form the basis for why dismissal is necessary, and any amendment of Plaintiff's Amended Complaint "to remove allegations would surely be in bad faith."[1] Moreover, pleading more facts would not change the conclusion that Plaintiff failed to state any plausible claims.

### II. Unknown Defendants DOES 1-20 Must Be Dismissed Pursuant to Rule 12(b)(5) and Rule 12(b)(6).

Plaintiff fails to cite any legal authority permitting her to put a placeholder on unknown defendants who have not been served[2] and merely states that she "can, if needed, amend to specify other junctures involving potential Does." R. Doc. 44 at pg. 5. Defendants submit that amendment is futile given Plaintiff apparently seeks to name any and every individual who was an employee at Tulane and who may have had any role in the administrative and academic decisions at issue. Plaintiff should be discouraged from engaging in such abuse of the judicial process and dismissal *with prejudice* must be granted as to this issue.

### III. Plaintiff Has Not Alleged A Violation of Title VII or Louisiana Employment Laws.

#### a. Plaintiff Has Failed to Allege a Title VII Retaliation Claim (Count 1).

The law in the Fifth Circuit is clear that a Title VII retaliation claim can only arise from engaging in protected activity under Title VII, as opposed to some other statute or protections.[3] In fact, Plaintiff "does not dispute the legal argument" that Title VII does not protect the complaint

---

[1] *Jackson v. Pierre*, No. 18-603-SDD-RLB, 2019 U.S. Dist. LEXIS 166292, at *22 (M.D. La. Sep. 27, 2019).

[2] *Yates v. City of Covington*, No. 02-0516, 2002 U.S. Dist. LEXIS 16817 at *7 (E.D. La. Sep. 6, 2002).

[3] *Brackens v. Stericycle, Inc.*, 829 F. App'x 17, 21 (5th Cir. 2020) ("Title VII protects an employee only from 'retaliation for complaining about the types of discrimination [that Title VII] prohibits'")(affirming dismissal of retaliation claim at motion to dismiss stage); *Hincapie v. Tex. Tech. Univ.*, No. 5:23-CV-299-H, 2024 U.S. Dist. LEXIS 196119, at *32-33 (N.D. Tex. Oct. 29, 2024) ("Title VII's retaliation protections do not guard against alleged adverse employment actions in retaliation for activity that is not 'protected activity' under Title VII") (citing *Smart v. Geren*, 350 F.App'x 845, 846 (5th Cir. 2008)); *Tucker v. Unitech Training Acad., Inc.*, 783 F. App'x 397, 400 (5th Cir. 2019) (determining that a "Title VII . . . retaliation claim[] fail[s]" because the plaintiff's complaints "are not protected activities under Title VII").

of a graduate teaching assistant regarding discrimination in academic activities. R. Doc. 44 at pg. 7, n. 3. Whether Plaintiff has adequately alleged an employment relationship with Tulane is immaterial given her underlying complaint of sexual assault in Summer of 2022 at FCAT and supposed "termination" by Defendant Karubian are academic, not employment related. Plaintiff appears to now claim that her alleged sexual assaulter, third party Gonzalez, is a "coworker" (R. Doc. 44 at pg. 6)– however, those allegations appear nowhere in the Amended Complaint and are contradicted by her affirmative allegations that third party Gonzalez was a staff member at FCAT and that FCAT hosts researchers at Tulane and other universities. R. Doc. 19 at ¶¶ 3, 45. Critically, the event that Plaintiff contends amounted to "termination" of her alleged employment, the November 30, 2023 letter, unequivocally relates to academic, not employment matters. *See* R. Doc. 28, Ex. A. Thus, dismissal *with prejudice* must be granted as to Count 1.

### b. Plaintiff Concedes That Her Title VII Claims for Inadequate Investigation (Count 2) and Erroneous Outcome (Count 3) Should Be Dismissed.

Count 2 and Count 3 for Title VII Inadequate Investigation and Erroneous Outcome fail as a matter of law based upon Plaintiff's concession. R. Doc. 44 at pg. 10 ("Plaintiff concedes that the claims regarding inadequate investigation and erroneous outcome relate to the underlying retaliatory action."). Plaintiff's Opposition then appears to craft a new, unpled theory of Title VII discrimination that Tulane's investigation was discriminatory and amounted to direct and indirect discrimination under the Supreme Court decision, *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-67 (1977), an almost 50-year-old case relating to discrimination in zoning practices that has nothing to do with this case. R. Doc. 44 at pgs. 12-13. To be clear, Plaintiff cites no authority that any court, much less the Fifth Circuit, has held that a Plaintiff can assert a Title VII disparate treatment claim based upon a supposedly flawed investigation. The only Fifth Circuit authority cited by Plaintiff is the same cited by Defendants, *Owens v. Circassia Pharms.*

*Inc.*, 33 F.4th 814, 828-29 (5th Cir. 2022), for the proposition that an employer's investigatory practices may be relevant to pretext ***only after*** Plaintiff has alleged a *prima facie* case of Title VII employment discrimination. However, as outlined in Defendants' original motion to dismiss and affirmed by the document that Plaintiff repeatedly references as her "termination" letter (R. Doc. 28, Ex. A), Plaintiff complains of academic, not employment practices, related to her advisory relationship with Defendant Karubian and her research at FCAT. Thus, Plaintiff's Title VII claims including Count 2 and 3 must be dismissed *with prejudice*.

### c. Plaintiff Admits That the Majority of Her Title VII Claims are Untimely.

Plaintiff's Opposition does not dispute that any alleged Title VII claims prior to November 9, 2023 for retaliation and January 23, 2024 for sex discrimination are untimely under the 300 days deadline for filing an EEOC Charge. Instead, Plaintiff appears to now claim that the continuing violation doctrine applicable to hostile work environment claims should apply and then admits she doesn't allege such a claim but can amend her complaint to add one. R. Doc. 44 at pg. 10, n. 6. In addition to the foregoing arguments, Plaintiff's untimely Title VII claims should be dismissed *with prejudice* and Plaintiff should not be provided leave to amend as any amendment would be futile.

### d. Plaintiff's LEDL and Whistleblower Claims (Count 6 and 12) Must Be Dismissed.

Plaintiff utterly fails to address Defendants' argument that her LEDL and Whistleblower claims fail because Tulane, as a private entity and non-profit corporation, is excluded from the LEDL and Plaintiff does not otherwise allege a violation of state law.[4] Plaintiff only states that she needs to amend her whistleblower claim. R. Doc. 44 at pg. 15. Plaintiff's LEDL and Whistleblower Claims (Count 6 and 12) must be dismissed *with prejudice* and amendment would be futile.

---

[4] *Lefkowitz v. Adm'rs of the Tulane Educ. Fund*, No. 21-1578, 2022 U.S. Dist. LEXIS 22060, at *18 (E.D. La. Feb. 7, 2022) (collecting cases).

### IV. Plaintiff Has Not Alleged A Violation of Title IX.

#### a. Plaintiff's Title IX Retaliation Claim (Count 4) Must Be Dismissed.

Plaintiff cites no case law in support of her argument that she can establish a *prima facie* case of Title IX retaliation where the underlying complaint that forms the basis of her alleged protected activity relates to an alleged sexual assault outside of the United States. While Plaintiff cites various provisions of the Title IX regulations in an attempt to diminish the clear language of the statute and the strong presumption against extraterritoriality, she does not controvert the legal authorities outlined in Defendants' original motion. *See* R. Doc. 28 at pgs. 23-24. As she admits, "Plaintiff is not claiming that Tulane was deliberately indifferent to the underlying sexual assaults as those assaults occurred outside of the United States." R. Doc. 44 at pg. 17. However, that is exactly what she is claiming – that she is dissatisfied with Defendants' response to what took place outside of the United States. Plaintiff contends that her Title IX retaliation claims survive because she experienced alleged retaliation in the United States including her original extraterritorial complaint and alleged "ongoing complaint" at the August 2023 meeting related to Defendant Karubian's handling of the extraterritorial complaint. R. Doc. 44 at pg. 17. Thus, Plaintiff concedes that Title IX retaliation claims are inextricably connected to extraterritorial events which fall outside of the scope of Title IX and warrant dismissal. Despite her creative reframing in the Opposition, she does not allege any separate conduct of sexual harassment in the United States.

Also, Plaintiff's argument that her "termination" from Defendant Karubian's advisory relationship constitute an adverse action under Title IX must be rejected. Again, her allegations are based upon the November 30, 2023 letter which asks Plaintiff to identify a suitable advisor. R. Doc. 28, Ex. A. In her Opposition, Plaintiff attempts to undo her self-defeating allegations regarding the August 2023 meeting with Professors Van Bael and Frank where she expressed disappointment with Defendant Karubian and requested Professors Van Bael and Frank to be her

co-advisors. R. Doc. 19 at ¶¶ 53, 56-60; R. Doc. 44 at pg. 18. She now claims she still wanted Defendant Karubian to be her advisor along with Professors Van Bael and Frank which appears nowhere in the Amended Complaint. Needless to say, Plaintiff should not be provided an opportunity to rectify her self-defeating allegations as doing so would only amount to bad faith.[5] In addition to extraterritoriality, Plaintiff fails to allege adverse action or but-for causation for purposes of her Title IX retaliation claim and Count 4 should be dismissed *with prejudice*.

### b. Plaintiff's Title IX Failure to Investigate and Erroneous Outcome Claims (Count 5) Must Be Dismissed.

For the same reasons, Plaintiff's Title IX failure to investigate and erroneous outcome claim (Count 5) must be dismissed. Again, it is undisputed that Title IX does not apply extraterritorially. Plaintiff admits she cannot make a claim for deliberate indifference as to her underlying sexual assaults at FCAT because they occurred outside of the United States. R. Doc. 44 at pg. 17. At the same time, Plaintiff now clarifies that "deficiencies in the investigation of the underlying sexual assault further evidenced bias in the investigation of the retaliation complaint." R. Doc. 44 at pg. 22. Plaintiff cannot have it both ways -i.e. attempt to establish Title IX liability based upon conduct outside of the United States under the umbrella of "retaliation." Plaintiff's disappointment at Defendant Karubian's response as well as Defendant Pardee's investigations of Plaintiff's underlying sexual assaults and alleged retaliation by Defendant Karubian simply do not state a Title IX action. While Plaintiff argues that she has sufficiently alleged a "deeply flawed" retaliation investigation (R. Doc. 44 at pg. 24), she cites absolutely no case law that any court has found such allegations sufficient to state a Title IX failure to investigate or erroneous outcome claim. For these reasons, Count 5 should be dismissed *with prejudice*.

---

[5] *Jackson,* 2019 U.S. Dist. LEXIS 166292, at *22.

### V. Plaintiff Has Not Alleged Any Tort Claims.

#### a. Plaintiff Concedes She Is Not Asserting Tort Claims Over Untimely Sexual Assault Claims by Third Party Gonzalez.

As an initial matter, Plaintiff admits that she did not (and cannot) assert tort claims over alleged sexualized comments made by third party Gonzalez in summer of 2021 or the alleged sexual assault by third party Gonzalez in June 2022 because they are untimely. R. Doc. 44 at pg. 26. Instead, she clarifies that her tort claims are purely based upon alleged retaliation and that untimely conduct such as Defendant Karubian's alleged actions in February 2023 and August 2023 meetings should be included under the continuing tort doctrine. *Id*. Plaintiff's concessions limit her tort claims to only her alleged retaliation claim making it abundantly clear that she is attempting to pigeon-hole her failed Title VII, LEDL, Whistleblower and Title IX allegations into a tort claim. The Court should not endorse Plaintiff's attempt to do so. Also, there is simply no individual liability as to the Individual Defendants under Title VII, LEDL, Whistleblower and Title IX allegations. Plaintiff's concession eliminating the underlying assault by third-party Gonzalez also make clear that her tort claims are nothing more than educational malpractice claims that are not actionable under Louisiana or Fifth Circuit law. Again, the November 30, 2023 letter (which Plaintiff refers to in her argument in the Opposition) outlines purely academic issues and topics. Plaintiff does not cite any caselaw in support of the proposition that she can assert a tort claim under Louisiana law based upon these educational decisions.

Incredibly, in her Opposition, Plaintiff asserts that Defendant breached a duty to address and ***prevent physical harm***. R. Doc. 44 at pg. 28. It appears that Plaintiff is citing the duty to prevent physical harm as the basis of her negligent supervision and training (Count 7) and all of her negligence claims against Individual Defendants. R. Doc. 44 at pg. 29 ("university officials had a duty – to ensure the safety of its students from violence (including sexual assault)"). To be

clear, in the Amended Complaint Plaintiff makes no allegations whatsoever that she experienced physical harm while in the United States and she already conceded that she is not asserting a tort claim based upon her underlying sexual assault by third party Gonzalez. Again, Plaintiff can't have it both ways – Defendants can't both breach a duty of care by allegedly requesting her not to return to FCAT to conduct research where her alleged assaulter worked and also breach their duty by failing to address "foreseeable further violence by a third party." R. Doc. 44 at pg. 27. Plaintiff's non-sensical arguments only demonstrate how tenuous her tort claims are. For these reasons, all of Plaintiff's tort claims including Count 7, 8, 9, and 10 should be dismissed *with prejudice*.

### b. Plaintiff's Negligence and Intentional Infliction of Emotional Distress Claims (Count 8 and 10) Must Be Dismissed.

In addition to the foregoing arguments, Plaintiff offers nothing new in support of her negligent and intentional infliction of emotional distress claims aside from reciting the very allegations that are deficient. She boldly claims "[t]he fact that the retaliatory acts related to reporting a traumatic sexual assault is what made the conduct outrageous and offensive" while citing absolutely no case law in support. R. Doc. 44 at pg. 30. Plaintiff's allegations simply do not survive the threshold to allege a negligent and intentional infliction of emotional distress claim.

### VI. Plaintiff Has Not Alleged A Breach of Contract Claim (Count 11).

The very fact that Plaintiff felt compelled to attached 108 pages of alleged "contracts" that Tulane supposedly breached demonstrates that the motion to dismiss as to this issue should be granted. As to Plaintiff's contract claim based upon the EO Policy and Faculty Policy, again, Plaintiff's actual factual allegations are premised on alleged breaches by Tulane employees in the performance of their work in investigating her sexual assault and retaliation complaints. R. Doc. 19 at ¶¶ 252-258. Plaintiff does not address Defendants' citation to well established law that Louisiana courts "have consistently held that employee manuals and handbook do not create

contractual rights" and instead are "unilateral expression of company policies and procedures."[6] Plaintiff further has not cited any Louisiana law interpreting such policies as creating a contract *with a student*. Finally, Plaintiff's allegations as to the Code of Student Conduct, namely the fact that she was not disciplined under it, is self-defeating and premised entirely on her nonsensical argument that the November 30, 2023 letter somehow found her responsible for a student conduct violation. For these reasons, Plaintiff's breach of contract claim (Count 11) must be dismissed.

## CONCLUSION

For the above reasons and those outlined in Defendants' original motion, all claims against Defendants by Plaintiff must be dismissed *with prejudice*.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Rebecca Sha*
KIM M. BOYLE (#18133)
REBECCA SHA (#35317)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
E-mail:   kim.boyle@phelps.com
            rebecca.sha@phelps.com

**ATTORNEYS FOR DEFENDANTS, THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, ERICA WOODLEY, TIFFANY SMITH, AVERY PARDEE AND JONATHAN SMALL**

---

[6] *McKey v. August*, No. 16-13642-WBV-MBN, 2021 U.S. Dist. LEXIS 153575, at *11 (EW.D. La. Aug. 16, 2021) (citing *Wallace v. Shreve. Memorial Library*, 79 F.3d 427, 430-31 (5th Cir. 1996)).