UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDITH SANTANO | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2748 |
| ADMINISTRATORS OF THE TULANE EDUCATION FUND, ET AL. | * | SECTION "T" (2) |

## ORDER AND REASONS

Plaintiff's Motion for Leave to File Second Amended Complaint is pending before me in this matter. ECF No. 51. Defendants Administrators of the Tulane Educational Fund ("Tulane" or "Defendant"), and individually named Defendants, Erica Woodley, Tiffany Smith, Avery Pardee and Jonathan Small filed an Opposition Memorandum. ECF No. 51. Plaintiff filed a Reply Memorandum. ECF No. 53. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED for the reasons stated herein.

## I. BACKGROUND

Plaintiff Judith Santano is an avian ecology Ph.D. candidate at Tulane University. ECF No. 1 ¶ 3. She asserted several claims under Title VII, Title IX and state law arising out of an alleged sexual assault by a staff member of a Tulane-partner research facility in Ecuador and subsequent retaliation for reporting and failure to properly investigate the incident. *Id.* ¶¶ 3-8. Plaintiff originally filed suit on November 24, 2024, asserting nine claims for relief: (1) Title VII - Retaliation; (2) Title IX - Retaliation; (3) Louisiana Employment Discrimination Laws ("LEDL") - Retaliation; (4) negligent supervision, training and staffing; (5) negligent and intentional

1

infliction of emotional distress; (6) respondeat superior; (7) intentional infliction of emotional distress; (8) breach of contract; (9) Louisiana - Anti-Reprisal/Whistleblower statute. *See generally id.* Plaintiff named Tulane University, the Board of Tulane, Jordan Karubian, Sunshine Van Bael, Hannah Frank, Erica Woodley, Marcus Foster, Tiffany Smith, and DOES 1-20 as defendants. ECF No. 1 ¶¶ 12-20.

Three months after filing suit, and before any defendants appeared, Plaintiff filed a motion to amend her complaint to add certain claims raised with the EEOC and for which she received a right to sue letter dated November 29, 2024, and to dismiss two of the previously named defendants. ECF Nos. 16, 17. The amended complaint was docketed on February 19, 2025. ECF No. 19. It added two new defendants (Jonathan Small and Avery Pardee) and added three new claims for relief ((1) Title VII – Prompt and Equitable Investigation; (2) Title VII – Erroneous Outcome; (3) Title IX – Failure to Investigate and Take Corrective Action) and amended the LEDL – retaliation claim to include a claim for sex discrimination. *See generally id.*

Defendants filed motions to dismiss on March 28, 2025, April 1, 2025, and April 17, 2025, which are pending. ECF Nos. 26, 28, 32. The Court issued a Scheduling Order on May 23, 2025, setting trial for March 30, 2026, with a discovery deadline of January 26, 2026. ECF No. 40 at 2, 5. That Scheduling Order established a deadline of June 23, 2025, for amendments to pleadings. *Id.* at 2. One month after expiration of the deadline for amending pleadings, Plaintiff filed this Motion for Leave to File Second Amended Complaint. ECF No. 51.

## II.    THE PENDING MOTION

Plaintiff's complaints assert claims arising out of two separate but related complaints lodged with Tulane, one for sexual assaults and one for retaliation. ECF No. 51-1 at 2. Plaintiff states that, because the sexual assaults matter was fully resolved after she appealed the decision,

she asserted all claims relating to that matter. *Id.* However, because the retaliation investigation was not yet concluded, she only raised some of those claims, not the "Erroneous Outcome" claim. *Id.* Plaintiff argues that, while Provost Forman issued a notice of intent to adopt the hearing panel's recommendation on March 20, 2025, he did not issue a final determination denying Plaintiff's appeal until July 11, 2025. *Id.* Plaintiff now seeks to amend her Complaint to include a Title IX – Erroneous Outcome claim, add additional allegations to support her state law claims, and to add Provost Forman as a defendant. *Id*. at 3.

Plaintiff maintains that good cause exists to modify the Scheduling Order and grant leave to amend because the amendment relates to recent factual developments and the request is timely, not made in bad faith and is not unduly prejudicial or futile. ECF No. 15-1 at 3-4. She also asserts that the case is in the very early stages and the amendment is of utmost importance. *Id.* at 4. Plaintiff notes that the request comes just one month after expiration of the Scheduling Order's June 23rd deadline for amendments and arises from an event occurring on July 11th, which would have been premature to raise before receipt of the decision on appeal. *Id.* & n.1. Plaintiff asserts that Defendants were notified that she was awaiting the outcome of the appeal in paragraph 132 of the Amended Complaint, which had included an Erroneous Outcome claim relating to the completed sexual assaults investigation. *Id.* at 5. Plaintiff contends that the amendment would not cause undue prejudice because this matter is still in its early staged, there would be no need to re-open discovery, and the new allegations would not significantly impact the existing schedule nor would it render moot the existing motions to dismiss, though Defendants may seek to file a new motion to dismiss as to the added claim. *Id.* at 6.

In Opposition, Defendants assert that Plaintiff has not shown good cause to amend, has already amended her complaint once, and seeks to amend for a second time outside of the

Scheduling Order's deadline and after they have filed motions to dismiss. ECF No. 52 at 1. Defendants argue that Plaintiff has not shown good cause because she could have moved to amend earlier after being educated by Defendants' motions to dismiss, but she failed to do so. *Id.* at 3. They also argue that Plaintiff's Title IX Erroneous Outcome claim could have been asserted before the final decision on appeal by Provost Forman because "[t]here is nothing significant about the final appeal decision as it does not change the status quo of Plaintiff's status or allegations that Defendants supposedly violated her rights in not finding merits to her various complaints and grievances." *Id.* Defendants assert that this motion is nothing more than a veiled attempt to file another opposition to the pending motions and a concession that her original allegations are insufficient. *Id.* Defendants also assert that the addition of multiple causes of action and an additional defendant would greatly prejudice them because discovery is underway and issue would need to be joined as to the new defendant, necessitating another motion to dismiss. *Id.* at 3-4.

In Reply, Plaintiff disputes the assertion that she could have amended "after being educated" by the motions to dismiss because the final decision on appeal had not been issued until July 11, 2025, and she could not assert an "Erroneous Outcome" claim until there was indeed a final outcome (as there was in relation to the sexual assaults investigation). ECF No. 53 at 1-3. Plaintiff also argues that Defendants are not prejudiced as the amendment is narrowly focused on the Provost's decision, and the case is in the earliest stages, with some discovery issued but some responses not yet delivered and Tulane's response indicating documents will not be delivered until after entry of a protective order. *Id.* at 3-4. Plaintiff argues that the amendment would not moot

4

any of the pending motions to dismiss or require that they re-file those motions, and any new motion to dismiss would be limited to the added Title IX Erroneous Outcome claim. *Id.* at 4-5.

## III. APPLICABLE LAW AND ANALYSIS

While Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, when leave is sought after the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[1] The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[2]

As Plaintiff's motion for leave to amend was not filed until after expiration of the deadline for amending pleadings, she must establish good cause under Rule 16 before the Court may address the request under Rule 15.

### A. Rule 16's Good Cause Standard

To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[3] In *Geiserman v. MacDonald*, the Fifth Circuit identified four factors to determine the existence of good cause to modify a scheduling order,[4] and it adopted that standard to requests to amend pleadings after expiration of the scheduling order deadline in *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*.[5] Thus, the court must consider: "(1) the explanation for the

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[2] *Id.* (citation omitted); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[3] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[4] *See* 893 F.2d 787, 791 (5th Cir. 1990).
[5] 315 F.3d at 536.

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6] "No single factor is dispositive, nor must all the factors be present."[7] The four factors are considered holistically, and the court has wide discretion to weigh and balance the factors, including the discretion to find that any one factor outweighs the others.[8]

### 1. Explanation for Failure to Timely Amend

This is not a case of mere inadvertence, which is generally insufficient to establish good cause under Rule 16.[9] Rather, Plaintiff has adequately explained the reason for delay: She could not file a Title IX Erroneous Outcome claim until there was a final outcome. Contrary to Defendant's contention that a final decision on appeal was simply "one step in the process" rather than an important event,[10] the decision on appeal is significant. Neither party cites any support for their arguments.

Although Title IX does not have an administrative exhaustion requirement like Title VII,[11] some circuits have characterized an "erroneous outcome" claim premised on an interim, non-final decision as unripe.[12] A claim is unripe if it turns on "contingent future events that may not occur

---

[6] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).
[7] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing *S&W Enters.*, 315 F.3d at 536–37).
[8] *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (noting the district court's finding that plaintiff's failure to account for its delay was dispositive and outweighed the other three factors and finding same within the court's discretion).
[9] *S&W Enters.*, 315 F.3d at 536 (affirming denial of leave to amend and stating that counsel's delayed analysis of recent supreme court decision is essentially inadvertence, which is tantamount to no explanation at all); *Rios v. City of Conroe*, 674 F. App'x 366, 368-69 (5th Cir. 2016) (affirming denial of leave to amend where district court reasoned that mere inadvertence, even coupled with lack of prejudice to the non-movant, is insufficient to constitute good cause under Rule 16).
[10] ECF No. 52 at 3.
[11] *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009) (holding that Title IX has no administrative exhaustion requirement and no notice provisions, allowing a plaintiff to pursue an implied private right of action directly in court).
[12] *See Doe v. Oberlin Coll.*, 60 F.4th 345, 355 (6th Cir. 2023) (noting that claim based on interim decision was unripe); *see also Wiley v. Tex. State Univ.*, No. 18-930, 2019 WL 317247, at *5 (W.D. Tex. Jan. 24, 2019) (dismissing Title IX claim as unripe because the hearing process had not reached its completion).

as anticipated, or indeed may not occur at all."[13]  To assess whether a case is ripe, courts examine (1) "the fitness of the issues for judicial decision" and (2) the "hardship of the parties withholding court consideration."[14]

Plaintiff presents a valid excuse for failing to amend earlier:  until Tulane made its final decision on July 11, 2025, the "erroneous outcome" claim was not yet ripe.  This factor weighs in Plaintiff's favor.

### 2. Importance of Amendment

When a proposed amendment potentially provides additional grounds for recovery or directly affects the prospects of recovery, it satisfies the Rule 16(b) importance requirement.[15]  The erroneous outcome claim certainly affects potential recovery.  Thus, the proposed amendment satisfies the importance prong.

This factor weighs in favor of Plaintiff.

### 3. Prejudice

The parties disagree as to prejudice, with Defendants asserting prejudice because discovery is underway, issue would need to be joined by the new defendant, and the filing would precipitate a new motion to dismiss.  ECF No. 52 at 4.

Proposed amendments that merely propose "alternative legal theories for recovery on the same underlying facts . . . generally should be permitted, as they advance Rule 15(a)'s policy of

---

[13] *Trump v. New York*, 529 U.S. 125, 131 (2020) (per curiam) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also Texas*, 523 U.S. at 300 (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).
[14] *Oh. Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998).
[15] *See E.E.O.C. v. Serv. Temps, Inc.*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (citations omitted) (finding the importance factor met when party sought to add new affirmative defenses and a counterclaim because they would protect the party from damages and entitle it to additional recovery if successful), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

promoting litigation on the merits rather than on procedural technicalities."[16] But late-stage amendments that essentially plead a fundamentally different case with new causes of action and different parties, effectively reconstructing the case anew, are unduly prejudicial and should not be permitted.[17] To determine whether a new claim fundamentally alters the case, the court looks to the factual similarities between the new claim and the existing claim, whether the addition would require expansive discovery and litigation, and whether the addition would delay the resolution of the case.[18] When "the proposed amendments are based on the same underlying facts alleged in the original complaint," the Court should not find the new claim fundamentally alters the nature of the case.[19] When, however, an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court," prejudice is established.[20]

Plaintiff's original complaint alleges claims based on both investigations. The new allegations add a party and focus on the final outcome of the retaliation investigation. While the basis of that claim is post-filing factual events (i.e., the July 11, 2025 final decision), this is not so significantly different from the allegations already contained in the Amended Complaint.

---

[16] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004); *see also Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (E.D. La. July 13, 2015) (Roby, M.J.) (quoting *Mayeaux*, 376 F.3d at 427).

[17] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case); *Phoenix Int'l Holdings, Inc. v. UH Servs. Grp., LLC*, No. 20-1684, 2021 WL 6108319, at *5 (E.D. La. Oct. 28, 2021) (Douglas, M.J.) (finding proposed amendment adding fraud claim after expiration of discovery deadline changed the nature of the case and constituted prejudice).

[18] *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid).

[19] *Operaciones Tecnicas*, 2015 WL 4254130, at *5; *see also Washington St. Tammany Elec. Coop., Inc. v. Grid Power Prods., L.L.C.*, No. 17-17447, 2018 WL 10246146, at *3 (E.D. La. July 11, 2018) (granting leave to amend products liability action to add redhibition claim where there is substantial overlap in evidence and discovery, the claims are frequently and typically pled, prosecuted and tried together, and discovery was in its early stages with four months remaining before the discovery deadline); *Bouchard Transp. Co. v. VT Halter Marine, Inc.*, No. 16-11264, 2016 WL 4131376, at *2 (E.D. La. Aug. 3, 2016) (holding that amendment to breach of contract, breach of warranty and negligence action to add claims of products and/or strict liability did not cause prejudice).

[20] *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Plaintiff's proposed amendment adding one party and asserting substantially similar theories does not fundamentally alter the nature of this case. Thus, the amendment does not require the parties to prepare for an entirely different case. Further, discovery is at its inception, with a deadline over five months away. Any additional discovery necessitated by the addition of this claim would be minimal given the claims already at issue. Thus, any added discovery could be accomplished within the existing discovery deadline, and the amendment does not require the re-opening of discovery. Accordingly, amendment is not prejudicial within the meaning of Rule 16.[21]

This factor weighs in favor of Plaintiff.

**4. Availability of a Continuance to Cure Prejudice**

Because the amendment will not disrupt the existing discovery deadline or trial date, there is no need to assess the need for continuance. This factor is neutral.

Given that Tulane did not render a final decision on the retaliation investigation until July 11, the importance of the amendment, the deprivation of a legal claim and general desire for claims to be resolved on the merits, and the lack of prejudice, the balance tilts in favor of finding good cause under Rule 16. Thus, the court must assess whether amendment is proper under Rule 15.

**B. Rule 15 Standard**

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[22] Although leave to amend is not automatic,[23] given Rule 15(a)(2)'s bias in favor of

---

[21] *Cf. Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (finding amendment to add lost profits claim warranted to prevent substantial injustice because amendment was very important and Plaintiff would be "dead in the water" without it).

[22] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[23] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

9

granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[24] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[25] Denial of leave to amend is reviewed for abuse of discretion,[26] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[27]

Defendants do not argue bad faith, repeated failures to cure deficiencies, or futility. Rather, they assert undue delay and prejudice. ECF No. 52.

Although Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend,[28] a litigant's failure to assert a claim as soon as he could have done so factors against the request.[29] At some point, plaintiff's delay can be procedurally fatal,[30] in which case plaintiff must establish that the delay "was due to oversight, inadvertence, or excusable neglect."[31] For instance, the Fifth Circuit has affirmed a court's denial of leave to amend to add a new party when leave was not sought until thirteen months after filing suit and eight months after becoming aware of the new entity's existence.[32] Likewise, courts have found "undue delay" when a plaintiff knew the facts

---

[24] *Smith*, 393 F.3d at 595 (citation omitted); *accord. Mayeaux,* 376 F.3d at 425 (quoting *Stripling*, 234 F.3d at 872; *Foman v. Davis*, 371, 178, 182 (1962)).

[25] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman*, 371 U.S. at 182); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

[26] *Carroll*, 470 F.3d at 1174 (citation omitted).

[27] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[28] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment").

[29] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

[30] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).

[31] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).

[32] *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022).

"all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[33] "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."[34]

Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[35] Courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[36] A defendant is prejudiced if an amendment would require a party to "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[37] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[38] are considered prejudicial.[39] Merely

---

[33] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864–65 (5th Cir. 2003) (concluding the district court did not abuse its discretion in denying leave to amend because plaintiffs had not raised any facts that were not previously available and made a "strategic" decision to delay amending the complaint).

[34] *Carson*, 689 F.2d at 584.

[35] *Mayeaux*, 376 F.3d at 427 (citations omitted).

[36] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[37] *Smith*, 393 F.3d at 596 (quoting *Duggins*, 195 F.3d at 834); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery).

[38] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[39] *Am. Int'l Refinery*, 676 F.3d at 467 & n.12 (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

being forced to incur additional fees and costs to respond, which may cause some prejudice, however, does not constitute "undue" prejudice necessary to justify denial of a motion to amend.[40]

Although Plaintiff did not seek to amend to raise this claim until seven months after filing suit and one month after the deadline for amending pleadings, the added claim was not ripe until Tulane rendered its final decision on July 11, 2025. Further, the discovery deadline does not expire until January 26, 2026, and trial is not scheduled until March 30, 2026. Thus, Plaintiff's delay is neither undue nor prejudicial.

## IV. CONCLUSION

Plaintiff sought leave to add the Title IX "Erroneous Outcome" claim within two weeks of Tulane's final decision on appeal. No substantive motions have been decided in this case, the discovery deadline does not expire for almost six months, and trial is not scheduled until March 30, 2026. Further, the proposed amendment does not cause "undue prejudice" necessary to justify denial of a motion to amend. In light of the importance of the amendment and minimal additional discovery necessitated by the addition, Plaintiff has established good cause to modify the Scheduling Order deadline and there is no basis to find substantial reason to deny amendment.

Accordingly, having considered the record, the arguments and written submissions of counsel, and the applicable law,

---

[40] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd.*, No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).

IT IS ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED. The Clerk is directed to docket ECF No. 51-2 into the court record.

New Orleans, Louisiana, this __14th__ day of August, 2025.

                                             _____
                                             DONNA PHILLIPS CURRAULT
                                             UNITED STATES MAGISTRATE JUDGE