UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDITH SANTANO** | **CIVIL ACTION NO. 2:24-2478** |
| **VERSUS** | **JUDGE GREG G. GUIDRY** |
| **TULANE UNIVERSITY ET AL.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**MEMORANDUM IN SUPPORT OF DEFENDANT ROBIN FORMAN'S
RULE 12(B)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendant, Dr. Robin Forman ("Dr. Forman" or "Defendant"), respectfully submits this Memorandum in Support of his Motion to Dismiss all claims brought against him in the Second Amended Complaint (R. Doc. 57) filed by Plaintiff, Judith Santano ("Plaintiff" or "Santano"), pursuant to Fed. R. Civ. P. Rule 12(b)(6). As shown below, Plaintiff's Second Amended Complaint fails to sufficiently allege essential facts in support of her claims against Dr. Forman, including Negligence and Negligent Infliction of Emotional Distress (Claim No. 9), and Intentional Infliction of Emotional Distress (Claim No. 11). Therefore, all claims against Dr. Forman should be dismissed with prejudice.

**I.   OVERVIEW**

This is a case where a graduate student, who is still enrolled at Tulane and on track to complete her Ph.D. program, disagrees with the academic and administrative decisions of the university. In an additional attempt to throw everything and the kitchen sink into her allegations, Plaintiff has now filed a Second Amended Complaint which adds Dr. Robin Forman, Tulane's Senior Vice President for Academic Affairs and Provost, as an individual defendant, alleging that

3

Dr. Forman was negligent and inflicted emotional distress on Plaintiff when he upheld the University's internal decision denying Plaintiff's claims of retaliation, and when he denied Plaintiff's appeal of the same decision. As previously argued in the Motion to Dismiss filed by Defendant, The Administrators of the Tulane Educational Fund ("Tulane"), and the other individual defendants that are affiliated with Tulane (Erica Woodley, Tiffany Smith, Avery Pardee, and Jonathan Small), Plaintiff's attempts to pigeonhole her Title IX and Title VII allegations against Tulane into state law tort claims of emotional distress against the individual defendants fail as a matter of law because educational malpractice claims are not actionable in tort in Louisiana. Plaintiff should not be permitted to name any individual who had a role, however remote or small, in the underlying administrative decisions under the theory of negligence or infliction of emotional distress without sufficient factual allegations. Under *Iqbal* and *Twombly*, Plaintiff simply fails to allege the essential elements of her claims against Dr. Forman, and her own allegations supply the factual and legal basis for dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.     RELEVANT PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

### A. Relevant Procedural History

Plaintiff filed her original complaint on November 25, 2024. R. Doc. 1. Dr. Forman was not a party to the original complaint. *Id.* Plaintiff later amended her complaint on February 19, 2025. R. Doc. 19. Dr. Forman again was not a party to Plaintiff's Amended Complaint. *Id.* Defendant Tulane and the four other individual defendants affiliated with Tulane filed a Motion to Dismiss Plaintiff's Amended Complaint on April 1, 2025. R. Doc. 28. Defendants Karubian and Foster also filed separate Motions to Dismiss Plaintiff's Amended Complaint. R. Doc. 26 and R. Doc. 32. On July 22, 2025, Plaintiff filed a Motion for Leave to file a Second Amended Complaint. R. Doc. 50. Tulane opposed Plaintiff's Motion for Leave. R. Doc. 52. The Court granted Plaintiff's

4

Motion for Leave and entered Plaintiff's Second Amended Complaint onto the record on August 14, 2025. R. Doc. 57. Plaintiff's Second Amended Complaint added Dr. Forman as a Defendant to this case. *Id.* Tulane filed a second Motion to Dismiss in response to Plaintiff's Second Amended Complaint, which reaffirmed the arguments made in its original Motion to Dismiss on behalf of the Tulane Individual Defendants. R. Doc. 64 at p. 5-6. Dr. Forman now files this Motion to Dismiss, incorporating all arguments made by the other Tulane affiliated individual defendants in their original Motion to Dismiss (R. Doc. 28), in addition to making the arguments more fully explained herein.

### B. Plaintiff's Factual Allegations Pertaining to Dr. Forman

In Plaintiff's Second Amended Complaint, Plaintiff alleges that on December 11, 2024, Tulane held a hearing regarding Plaintiff's allegations that Dr. Karubian retaliated against her. R. Doc. 57, ¶ 124. The hearing panel found that Plaintiff offered no evidence that Dr. Karubian engaged in any form of retaliation, and that Karubian's actions did not cause any harm to Plaintiff. R. Doc. 57, ¶¶ 130-131. On December 16, 2024, the hearing panel submitted its decision to Dr. Forman. R. Doc. 57, ¶ 128. Plaintiff alleges that Dr. Forman notified Plaintiff of his intent to accept the hearing committee's recommendation on March 20, 2025. R. Doc. 57, ¶ 133. Plaintiff then alleges that she appealed the retaliation decision to Dr. Forman, who denied her appeal on July 11, 2025. R. Doc. 57, ¶ 135-139. Solely on the basis of Dr. Forman's general administrative role in the University's internal process, Plaintiff brings her state law tort claims.

### C. Plaintiff's Legal Claims Against Dr. Forman

In Plaintiff's Second Amended Complaint, she alleges that Dr. Forman was negligent and negligently inflicted emotional distress on Plaintiff when Dr. Forman "failed to properly review the hearing panel's decision and Plaintiff's appeal of that decision regarding the retaliation

5

complaint, despite having a duty to do so under Tulane's policies and in his role as an administrator tasked with oversight over the process." R. Doc. 57, ¶ 247. Plaintiff also vaguely alleges that Dr. Forman "had a duty to protect Plaintiff from discrimination or retaliation, address any allegations of such conduct through the process provided for in Tulane's policies, and review the work of others…related to such efforts." R. Doc. 57, ¶ 248. Plaintiff concludes that Dr. Forman "failed to fulfill [his] duty to ensure a fair hearing and appeal process regarding the retaliation complaint." R. Doc. 57, ¶ 251.

Plaintiff also presumably sues Dr. Forman for Intentional Infliction of Emotional Distress (IIED), although she simply states that she brings this claim against "All Defendants" and does not bring any specific factual allegations against Dr. Forman to support this claim. *See* R. Doc. 57, ¶¶ 260-263. The gist of her IIED claim is that Defendants as a whole engaged in "extreme and outrageous conduct" that was intended to cause Plaintiff to "suffer emotional distress so severe that it would silence any additional disclosures" and that Plaintiff sustained damages "as a direct and proximate result of" Defendants' conduct." R. Doc. 57, ¶¶ 262-263.

### III.   SUMMARY OF ARGUMENT

Plaintiff's claims of negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress against Dr. Forman fail as a matter of law. Plaintiff has not sufficiently plead factual allegations that support her claims that Dr. Forman was negligent in his decisions to uphold the hearing panel's decision and deny Plaintiff's appeal with respect to her retaliation complaints. And, even if she did, which is specifically denied, academic decisions are not a sufficient basis for negligence claims under Louisiana jurisprudence. Moreover, Plaintiff has not alleged conduct on behalf of Dr. Forman that is outrageous enough to support a claim of emotional distress or meet the high pleading standards of negligent infliction of emotional distress,

6

much less intentional infliction of emotional distress which requires a factual allegation of extreme and outrageous conduct. Plaintiff's factual allegations simply do not fall within the categories to support such a claim. Therefore, Plaintiff's claims against Dr. Forman must be dismissed, with prejudice.

## IV.  STANDARD OF REVIEW

Fed. R. Civ. P. Rule 12(b)(6) permits a party to move for dismissal for failure to state a claim upon which relief can be granted.[1] Under Rule 12(b)(6), a court "must take the well-pleaded factual allegations of the complaint as true."[2] However, a Complaint must contain specific facts "to state a claim to relief that is plausible on its face."[3] When pleaded facts do not permit a court to infer more than the mere possibility of misconduct, a Complaint has not shown the pleader is entitled to relief.[4]

A court is not required to "accept labels, conclusions, or formulaic recitation of the elements of a cause of action," and is not bound to accept legal conclusions couched as factual allegations.[5] "Indeed, the Court must first identify allegations that are conclusory and, thus, are not entitled to the assumption of truth."[6] Factual allegations "must be enough to raise a right to relief above the speculative level."[7] A pleading must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[8] Applying these legal standards, dismissal under Rule 12(b)(6) is appropriate as to all claims against Dr. Forman.

---

[1] Fed. R. Civ. P. 12(b)(6).
[2] *Dupre v. State Farm Mutual Automobile Ins. Co.,* 2014 WL 2441124, at * 1 (E.D. La. May 30, 2014).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Id.*
[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft,* 556 U.S. at 678.
[6] *Currier v. Entergy Servs., Inc.*, 2014 WL 1093687, at *5 (E.D. La. Mar. 14, 2014).
[7] *Id.*; *see also Ashcroft,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
[8] *Twombly,* 550 U.S. at 555.

V.  **LEGAL ANALYSIS**

   A. **Plaintiff's Second Amended Complaint Fails to Adequately Allege Negligence Against Dr. Forman.**

Plaintiff attempts to bring negligence claims against Dr. Forman are premised on academic and administrative decisions made by Tulane that Dr. Forman allegedly participated in due to his position as Tulane's Senior Vice President for Academic Affairs and Provost. Louisiana law is clear that educational malpractice claims are generally not actionable under tort law, particularly considering the broad discretion provided to schools in administering their academic matters and the doctrine of academic freedom.[9] Accordingly, the Fifth Circuit and courts within the Fifth Circuit generally dismiss tort claims premised upon academic decisions.[10] For example, in *Mills v. Tarver*, several nursing students alleged negligence against a university and several individual faculty and administrators based on alleged acts and omissions following the students' filing of formal grievance procedures.[11] The students alleged that the individual defendants' acts were retaliatory and negligent. The court found "no merit to the plaintiffs' argument that the trial court erred in dismissing their 'negligence' claims" and that student-plaintiffs' claims arose from conventional obligations and were legally unrecognized educational malpractice claims.[12] The court reasoned "[i]t is not the place of the court system to micro-manage the adequacy of

---

[9] *See Mills v. Tarver*, 340 So.3d 959, 971 (La. App. 1 Cir. 2021) ("It is not the place of the court system to micro-manage the adequacy of instruction or management at institutions of higher learning, even if it were feasible, which we feel it is not."); *Miller v. Loyola University of New Orleans*, 829 So.2d 1057, 1060 (La. App. 4 Cir. 2002) ("[P]ublic policy . . . accords educational institutions broad discretion in matters purely academic ... and directs judicial non-interference in the decisions with that discretion."); *Wallace v. Southern University*, 2020-00647 (La. 9/29/20), 301 So.3d 1162 (stating that "educational malpractice is not a valid theory of liability anywhere in Louisiana statutory law or jurisprudence.").

[10] *Seals v. Mississippi*, 998 F. Supp. 2d 509, 523 (N.D. Miss. 2014) (Courts "must accept . . . 'an academic decision that is not beyond the pale of reasoned academic decision-making when viewed against the background of the student's entire career at the University[.]'") (quoting *Wheeler v. Miller*, 168 F.3d 241, 250 (5th Cir.1999) (Court rejected disgruntled Ph.D. student claims that false accusations of cheating resulted in inadequate grades, a remediation plan, denial of participation in an internship program, and ultimate dismissal from the program.).

[11] *Mills v. Tarver*, 340 So.3d 959, 971 (La. App. 1 Cir. 2021).

[12] *Id.* at 972.

8

instruction or management at institutions of higher learning . . . This is a task best handled by the universities themselves."[13]

Like the students in *Mills*, Plaintiff attempts to bring tort claims that are premised on academic and administrative decisions made by Tulane and Dr. Forman that are not actionable under Louisiana law. For example, Plaintiff alleges that "Defendant Forman failed to properly review the hearing panel's decision and Plaintiff's appeal of that decision regarding the retaliation complaint, despite having a duty to do so under Tulane policies and in his role as an administrator tasked with oversight over the process." R. Doc. 57 at ¶ 247. Plaintiff also alleges that Dr. Forman "had a duty to protect Plaintiff from discrimination or retaliation, address any allegations of such conduct through the processes provided for in Tulane's policies, and review the work of others, including Defendant Pardee, related to such efforts" and that Dr. Forman "failed to fulfill [his] duty to ensure a fair hearing and appeal process regarding the retaliation complaint." R. Doc. 57 at ¶ 248, 251. Plaintiff's allegations of negligence brought against Dr. Forman are therefore explicitly related to Dr. Forman's academic decisions such as his review of the hearing panel's decision and Plaintiff's appeal in his role as an administrator of Tulane, and his alleged participation in the conduct process provided for in Tulane's policies. Under Louisiana jurisprudence such as *Mills*, claims of academic malpractice such as those that Plaintiff is attempting to assert are not actionable under the theory of negligence. Plaintiff has not sufficiently plead any elements of a claim for negligence that do not explicitly relate to Dr. Forman's academic decisions in his role as a Dean and the Provost. Therefore, Plaintiff's claims of negligence against Dr. Forman fail under Rule 12(b)(6), and must be dismissed, with prejudice.

---

[13] *Id.* at 971-72.

### B. Plaintiff's Second Amended Complaint Fails to Adequately Allege Negligent Infliction of Emotional Distress Against Dr. Forman

First and foremost, Plaintiff has not sufficiently plead a claim of negligence against Dr. Forman, and therefore Plaintiff's claims for negligent infliction of emotional distress must fail.[14] Moreover, as previously stated in the Motion to Dismiss Plaintiff's Amended Complaint filed by Tulane and the other individual defendants (R. Doc. 28), Plaintiff's claims for negligence and negligent infliction of emotional distress against all Defendants, including Dr. Forman, fail as a matter of law and should be dismissed. "[I]n order to prove a claim for negligent infliction of emotional distress, the plaintiff[] must establish the following: (1) the defendants owed a duty to the plaintiffs; (2) defendants breached that duty; (3) the defendants' breach of the duty was a cause-in-fact of the plaintiffs' alleged harm; (4) the defendants' breach was a legal cause of the harm plaintiffs' claim to have suffered; and (5) actual damages."[15] A positive answer to all five elements is required in order to find a defendant liable for NIED.[16] A finding of liability for NEID requires "outrageous" actions on the part of the Defendant that would create "a very strong and obvious likelihood that the plaintiff would suffer genuine and severe mental distress."[17] Examples of such outrageous conduct include "mishandling of corpses; failure to install, maintain or repair consumer products; failure to take photographs or develop film; negligent damage to one's property while

---

[14] *See Spencer v. Valero Refining Meraux, L.L.C.*, 2022-00469 (La. 1/27/23), 356 So.3d 936, 950 ("A claim for negligent infliction of emotional distress is a claim that, by definition, requires a plaintiff to prove negligence."); *Phillips v. L. Brands Service Company, L.L.C.*, 82 F.4th 291, 303 (5th Cir. 2023) ("Louisiana does not recognize NIED as an independent tort.").

[15] *Doe v. Univ. Healthcare Sys., L.L.C.*, 2013-1457 (La. App. 4 Cir. 7/9/14); 145 So.3d 557, 573, n. 21 (citation omitted).

[16] *Favret v. Favret*, 371 So.3d 511, 525 (La. App. 4 Cir. 2023) (*citing Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318 (La. 1994).

[17] *Pelitire v. Rinker*, 270 So.3d 817, 829-30 (La. App. 5 Cir. 2019); *Lumar v. Monsanto Company*, No. 17-13373, 2018 WL 3458388, at *4-5 (E.D. La. Jul. 18, 2018)

the plaintiffs were present and saw their property damaged; and in cases allowing damages for fright or nervous shock, where the plaintiff was actually in great fear for his personal safety."[18]

As to Plaintiff's negligent infliction of emotional distress claim, Plaintiff's allegations do not pass muster under *Twombly* which requires more than a "formulaic recitation of the elements of the plaintiff's claim."[19] Moreover, Plaintiff's claims do not compare to the types of factual scenarios where Louisiana courts have found liability for claims of NIED in the absence of physical injury. Specifically, Plaintiff alleges that Dr. Forman "failed to properly review the hearing panel's decision and Plaintiff's appeal of that decision regarding the retaliation complaint, despite having a duty to do so under Tulane's policies and in his role as an administrator tasked with oversight over the process." R. Doc. 57, ¶ 247. Plaintiff also alleges that Dr. Forman "had a duty to protect Plaintiff from discrimination or retaliation, address any allegations of such conduct through the process provided for in Tulane's policies, and review the work of others…related to such efforts." R. Doc. 57, ¶ 248. Plaintiff alleges that Dr. Forman "failed to fulfill [his] duty to ensure a fair hearing and appeal process regarding the retaliation complaint." R. Doc. 57, ¶ 251. These allegations are the exact definition of a formulaic recitation of the required elements for NEID, without providing factual bases for these recitations. Plaintiff is attempting to convert her opinion that Tulane's decision regarding her claims of retaliation was incorrect into a claim against Dr. Forman individually for NEID, simply because he performed his professional function of upholding the hearing panel's decision and denying Plaintiff's appeal. This does not compare to jurisprudence regarding successful claims for NEID, and Plaintiff's Eighth Claim for Relief brought against Dr. Forman should therefore be dismissed, with prejudice.

---

[18] *Moresi v. State Through Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La. 1990) (citations omitted).
[19] 550 U.S. 544 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

11

### C. Plaintiff's Second Amended Complaint Fails to Adequately Allege Intentional Infliction of Emotional Distress Against Dr. Forman

The elements of a claim for intentional infliction of emotional distress ("IIED") were delineated by the Louisiana Supreme Court in *White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991), and reaffirmed in *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00); 765 So. 2d 1017, 1022 and *LaBove v. Raftery*, 00-1394 (La. 11/28/01); 802 So. 2d 566, 577.  To recover for IIED, a plaintiff must allege: 1) the conduct of the defendants was extreme and outrageous; 2) the emotional distress suffered by the plaintiff was severe; and 3) the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.[20] The Louisiana Supreme Court described the conduct necessary to prevail on a claim for IIED as follows:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.[21]

The Louisiana Supreme Court reiterated *White*'s three-part test and discussed the application of the cause of action in *Nicholas v. Allstate Ins. Co.*, 765 So. 2d at 1022. In discussing the "high threshold for intentional infliction of emotional distress established in *White*," the Louisiana Supreme Court once again acknowledged the contours of the tort under article 2315 are "illuminated" by the Restatement (Second) of Torts.[22]  Louisiana courts have cautioned intentional torts should be narrowly construed.[23]  An intentional act occurs only when an actor *consciously*

---

[20] *Monsanto*, 585 So. 2d at 1209.
[21] *Id*. (emphasis added).
[22] *Id*. at 1020; *see also Morris*, 277 F.3d t 756–57 ("Louisiana courts, like courts in other states, have set a very high threshold on conduct sufficient to sustain an emotional distress claim, and the Louisiana Supreme Court has noted that courts require truly outrageous conduct before allowing a claim even to be presented to a jury.").
[23] *Gaspard v. Orleans Parish Sch. Bd.*, 96-1754 (La. App. 4 Cir. 2/5/97); 688 So. 2d 1298, 1301-1302.

*desired* the consequences of the act to occur or when he knew the result was certain or so substantially certain as to be nearly inevitable or virtually sure to follow.[24] Mere knowledge or appreciation of a risk does not constitute intent.[25]

Even if Plaintiff's factual allegations are taken as true, they do not amount to an actionable IIED claim. In essence, Plaintiff alleges she was emotionally distressed because Dr. Forman upheld the decision of the hearing panel denying Plaintiff's retaliation claim and also denied Plaintiff's appeal of the same. These actions constitute Dr. Forman's job function, and do not rise to the level of extreme and outrageous conduct that is required for a Plaintiff to sufficiently plead an IIED claim. Moreover, Plaintiff does not sufficiently plead that any emotional distress that she allegedly experienced was severe and does not adequately plead that Dr. Forman desired to inflict severe emotional distress on her when he made certain decisions regarding Plaintiff's complaints of retaliation. Courts have dismissed intentional infliction of emotional distress claims that allege far more egregious conduct, including those involving severe verbal abuse, repeated harassment and discrimination during an extended period of time.[26] Because there is no possibility Plaintiff

---

[24] *Id.* at 1301.
[25] *Id.* at 1301-02.
[26] *See*, *e.g.*, *Smith v. Ouachita Parish Sch. Bd.*, 29,873 (La. App. 2 Cir. 9/24/97); 702 So.2d 727, *writ denied*, 97–2721 (La.1/16/98); 706 So.2d 978 (holding that the wrongful demotion and transfer of a teacher within the school system, though causing emotional and psychological distress, did not constitute extreme and outrageous conduct); *Stewart v. Parish of Jefferson*, 95–407 (La. App. 5 Cir. 1/30/96); 668 So.2d 1292, *writ denied*, 96–0526 (La.4/8/96); 671 So.2d 340 (holding that intentional infliction of emotional distress was not shown, even though a supervisor maintained two-years harassment in which he questioned the worker's personal life, increased the workload, and pressured the employee to accept a demotion which ultimately led to the employee's termination); *Beaudoin v. Hartford Acc. & Indem. Co.*, 594 So.2d 1049 (La. App. 3 Cir.), *writ denied*, 598 So.2d 356 (La.1992) (holding that even if the employee felt singled out for abuse, a supervisor's eight-month undertaking in which he shouted at an employee, cursed her, called her names (dumb, stupid, and fat), commented about the inferiority of women, and falsely accused her of making mistakes did not constitute extreme and outrageous conduct); *Roscoe v. Hastings*, 43,942 (La. App. 2 Cir. 1/14/09), 999 So.2d 1218, 1221-22 (holding that a plaintiff did not demonstrate intentional infliction of emotional distress where her supervisor "made graphic sexual comments to her, remarked on her relationship with her husband, called her a b---- on numerous occasions, and allowed co-employees to make derogatory remarks to her."); *Groff v. Southwest Beverage Co., Inc.*, 2009-625 (La. App. 3 Cir. 11/5/08), 997 So.2d 782, 787 (holding that a supervisor yelling and cursing at his employee and pounding on desks during their conversation was not so extreme and outrageous as to satisfy a claim for intentional infliction of emotional distress). *Mitchell v. Tracer Construction Co.*, 256 F. Supp. 2d 520, 527 (M.D. La. 2003) (holding that plaintiff's allegations that she was physically threatened, threatened with discharge, continuously subjection to racial slurs, comments, and epithets were insufficient to state a

could recover under state law against Dr. Forman, her claim for intentional emotional distress must also be dismissed *with prejudice*.

VI.    **CONCLUSION**

Plaintiff's claims against Dr. Forman fail as a matter of law. Plaintiff has not sufficiently alleged that Dr. Forman acted in a negligent manner when he upheld the hearing panel's decision regarding Plaintiff's claims of retaliation or denied Plaintiff's complaint regarding the same. Plaintiff also has not brought any other factual allegations on behalf of Dr. Forman that are outrageous enough to justify a claim for NIED or IIED. Therefore, Plaintiff has failed to state a claim against Dr. Forman and all claims brought against him should be dismissed *with prejudice*.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ Rebecca Sha*
       Kim M. Boyle (Bar #18133)
       Rebecca S. Sha (Bar #35317)
       Canal Place | 365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130
       Telephone: 504 566 1311
       Facsimile: 504 568 9130
       Email: boylek@phelps.com
       Email: rebecca.sha@phelps.com


**ATTORNEYS FOR DEFENDANT ROBIN FORMAN.**

---

IIED claim); *Trahan v. Bellsouth Tel., Inc.*, 881 F. Supp. 1080 (W. D. La. 1995), *aff'd*, 71 F.3d 876 (5th Cir. 1995) (holding that employer's use of a security team to ridicule, tease, and taunt plaintiff for seven and one-half hours questioning was not conduct which was outrageous); *Glenn v. Boy Scouts of America*, 977 F. Supp. 786 (W.D. La. 1997) (holding that telling an employee that she was rumored to have had a sexual affair with a prior scout executive, being told that her placement next to a donor who liked her was because she might get more money from him, communication to her that he did not want a woman in her position, being called a total disgrace in a staffing meeting after she successfully completed her probationary period, and being told she would be terminated on an undisclosed volunteer complaint unless she voluntarily resigned, did not constitute extreme and outrageous conduct).