**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JUDITH SANTANO, | |
| **Plaintiff,** | **MEMORANDUM IN SUPPORT OF *EXP PARTE* MOTION TO CONTINUE TRIAL DATE AND RESET PRETRIAL DEADLINES** |
| vs. | |
| ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, et al. | **CIVIL ACTION NO: 2:24-cv-2748** |
| **Defendants.** | **JUDGE GREG G. GUIDRY** |
| | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |
| | **Action filed:**   November 25, 2024 |
| | **Trial date:**   August 17, 2026 |

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Judith Santano, who files this motion to continue the trial date and reset certain upcoming pre-trial deadlines for the reasons stated below.

Plaintiff filed suit on November 25, 2024, against Tulane and multiple defendants alleging an array of claims, including alleged violations of Title VII, Title IX, Louisiana employment and whistleblower laws, negligence, and breach of contract. Thereafter, Plaintiff amended her complaint twice (February 18, 2025, and August 14, 2025) to add new claims and new defendants. Defendants have filed motions to dismiss, some of which are still under submission. Modification of this Court's scheduling order is necessary to conduct and complete discovery and prepare the matter for trial, if necessary.

## I.    BRIEF BACKGROUND

Plaintiff Judith Santano filed a Complaint instituting this action on November 25, 2024 (Dkt. No. 1). She filed an amended complaint on February 18, 2025 (Dkt. No. 16-1).

Defendants filed motions to dismiss on March 28, 2025 (Dkt. No. 16-1), April 1, 2025 (Dkt. No. 28-1), and April 17, 2025 (Dkt. No. 32-1).

Plaintiff filed a second amended complaint ("SAC") on August 14, 2025 (Dkt. No. 57). Defendants filed motions to dismiss on September 11, 2025 (Dkt. No. 64), and October 6, 2025 (Dkt. No. 65-1).  On March 31, 2026, the Court granted (Dkt. No. 85) motions to dismiss filed by Defendant Karubian (Dkt. No. 26); Defendants Woodley, Smith, Pardee, and Small (Dkt. No. 28); and Defendant Foster (Dkt. No. 32). The motions to dismiss by Defendant Administrators of the Tulane Educational Fund (Dkt. No. 64) and Defendant Robin Forman (Dkt. No. 65), filed September 11, 2025, and October 6, 2025, respectively, are pending before the Court.

A Scheduling Conference was held on May 22, 2025, and a Scheduling Order was entered the next day, setting this matter for trial to begin on March 30, 2026. (Dkt. No. 40). A January 26, 2026 discovery deadline was also included in the Scheduling Order.

Following the Scheduling Conference, the parties exchanged initial disclosures in June 2025 and began written discovery.

On November 25, 2025 (Dkt. No. 72), the parties jointly requested a new trial date, and the Court issued a new Scheduling Order on January 6, 2026 (Dkt. No. 77), setting this matter for trial to begin August 17, 2026.

Written discovery has included the production of tens of thousands of pages of documents. Plaintiff has taken six depositions. However, several key deponents, including Defendant Forman and Jordan Karubian and Marcus Foster, who were defendants until the Court's recent order dismissing the claims against them, have indicated their unavailability until May 2026, which falls

after Plaintiff's April 22, 2026 deadline to submit her expert's report. The same is true of a foruth witness, Hannah Frank. The witnesses who remain to be deposed are essential for informing the expert report, defending a motion for summary judgment, and preparing for trial.

## II.    STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides: "A scheduling order may be modified only for good cause and with the judge's consent."[1] "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2] Federal courts consider the following four factors when evaluating whether relief should be granted under Rule 16(b)(4):

1.    the party's explanation;

2.    the importance of the requested relief;

3.    potential prejudice in granting the relief; and,

4.    the availability of a continuance to cure such prejudice.[3]

Moreover, courts consider the four factors comprehensively and "[do] not mechanically count the number of factors that favor each side."[4] Plaintiff submits that an assessment of these four factors weighs in favor of the requested continuance.

This is not a case where the parties have not been diligent in their efforts to engage to comply with the existing court deadlines. Therefore, the parties respectfully request the Court use its discretion and continue the current trial date and certain upcoming deadlines.

---

[1] Fed. R. Civ. P. 16(b)(4).

[2] *S&W Enters. v. Southtrust Bank of Ala*., 315 F.3d 533, 535 (5th Cir. 2003).

[3] *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2016 WL 7426126, at *2 (N.D. Tex. Dec. 23, 2016) citing *S&W Enters.*, 315 F. 3d at 536.

[4] *Nguyen*, 2016 WL 7426126, at *2 citing *E.E.O.C. v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III.    **GOOD CAUSE EXISTS TO CONTINUE THE AUGUST 17, 2026 TRIAL AND FUTURE CORRESPONDING DEADLINES.**

Plaintiff submits this motion well ahead of the current trial date; the parties will not be prejudiced. Defendants do not oppose this motion.

Trial is set for August 17, 2026, and the Scheduling Order further sets forth a deadline of April 22, 2026, for Plaintiff's expert report. Conducting all the necessary depositions before this deadline is not possible despite Plaintiff's early and persistent efforts to secure the depositions timely.

The parties have been diligent in engaging in discovery:

- Plaintiff issued discovery requests in June, July, and August 2025. Defendant Tulane produced tens of thousands of pages of discovery in response to these requests, and Foster and Karubian produced hundreds of pages more.

- Defendants issued their own discovery requests on October 3, 2025 (Defendant Foster) and October 23, 2025 (Defendant Tulane). Plaintiff and Defendant Foster worked collaboratively to address concerns with some of the discovery requests, resulting in an extension for Plaintiff's response, which was submitted November 7, 2025 (responses), and November 12, 2025 (documents).

- Defendants filed a motion to compel records authorizations on February 25, 2026. Oral argument was held March 18, 2026, and an order issued that day.

- Plaintiff has conducted depositions on December 10, 2025; March 25, 2026; March 26, 2026; April 1, 2026; April 2, 2026; and April 3, 2026. Witness availability significantly contributed to the delay in conducting these depositions. Plaintiff requested dates as early as early as January 2026, i.e., soon after the Court issued

4

its new scheduling order (Dkt. No. 77). Plaintiff had previously requested dates, as well, as early as October 2025.

- Among the depositions Plaintiff has sought are those of Marcus Foster, Jordan Karubian, and Robin Forman. For each of these witnesses (two of whom were defendants until their claims were dismissed pursuant to this Court's order on March 31, 2026 (Dkt. No. 85) and the other who remains a defendant), their respective counsel advised that there was limited availability, in some cases not until May 2026. Plaintiff's counsel advised that Plaintiff sought these depositions prior to the expert report deadline because of the importance of the information they would provide.

Good cause further exists because of the critical importance of the particular depositions sought and the diligent efforts Plaintiff has made to secure those depositions timely. Plaintiff alleges that Karubian was the primary individual responsible for the retaliation against her, (SAC ¶¶ 4, 61-63), that Foster was the Title IX coordinator during most of the university's response to allegations of sexual violence and retaliation for reporting sexual violence, (SAC ¶ 19), and lacked any real involvement, (SAC ¶¶ 7, 145-48), and Forman, the university's Provost, was the ultimate decision-maker following the investigation and hearing regarding the retaliation allegation, (SAC ¶ 133-39). These witnesses are essential regarding Plaintiff's claims of retaliation and other Title IX (and Title VII) violations regarding the university's response to Plaintiff's reports of abuse and retaliation. The fourth witness, Frank, is also essential, as she was one of a small group, including Karubian, who had direct insight into the decision that Plaintiff alleges constituted retaliatory action against her. (SAC ¶ 76)

5

Additionally, the majority of the depositions were taken in late March and early April 2026, and transcripts still need to be provided for the expert's review, which will take additional time. These depositions included Jonathan Small, the decision maker regarding the investigation of the alleged sexual assault, (SAC ¶¶ 103-106); Tiffany Smith, who oversaw the investigations, (SAC ¶¶ 20, 118, 146), Avery Pardee, the investigator who produced the investigation reports at issue, (SAC ¶¶ 22, 89-99, 112-117), Sunshine Van Bael, who participated along with Karubian in the decision that forms the basis for Plaintiff's retaliation claim, (SAC ¶ 76); and the current Title IX coordinator, who was also involved in the processes at issue. These witnesses provided essential information about the conduct of the investigations at issue and the structure of Tulane's policies and procedures. The nature of this case, i.e., involving complicated questions of policy and procedure, require that Plaintiff have the opportunity to present expert testimony.

Defendants are not prejudiced, as they continue to engage in discovery, have not yet deposed Plaintiff, and have not been able to produce witnesses within the time frames necessary to incorporate such testimony into Plaintiff's expert report despite Plaintiff's early and ongoing efforts. Moreover, a continuance will cure any potential prejudice. Defendants have advised Plaintiff that they do not oppose this motion.

## IV.    CONCLUSION AND REQUEST FOR RELIEF

The parties collectively submit that good cause exists for a continuance of the August 17, 2026 trial date and future corresponding deadlines outlined in the current Scheduling Order. (Dkt. No. 77). Plaintiff does not seek to extend deadlines already passed, including the deadline to amend pleadings. Alternatively, the Parties welcome an opportunity for a status conference should the Court wish to discuss this matter further.

//

//

Dated:  April 9, 2026

Respectfully submitted,


**ZISSER LAW OFFICE**


BY:      /s/ Aaron B. Zisser
                Aaron B. Zisser (Pro Hac Vice)
                (Cal. Bar No. 302926)
                5706 Cahalan Ave., #23730
                San Jose, CA  95153
                Telephone:  669-228-5154
                Email:  aaron@zisserlawoffice.com

**IAS LAW LLC**


BY:      /s/ Imtiaz A. Siddiqui
                Imtiaz A. Siddiqui (#35321)
                900 Camp Street, Suite 333
                New Orleans, LA  70130
                Telephone:  504-500-1876
                Email:  ias@iaslawllc.com

**ATTORNEYS FOR PLAINTIFF JUDITH SANTANO**

7